Daniel R. Price (NV Bar No. 13564)
Christopher Beckstrom (NV Bar No. 14031)
Janice J. Parker (NV Bar No. 14102)
Krysa Scully (NV Bar No. 16751)
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 941-0503
Fax: (702) 832-4026
info@pbnv.law
*Attorneys for Plaintiffs*

Price & Beckstrom
Attorneys At Law

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CINDY YOUNG, an individual; DEAN YOUNG, an individual; HANDY DANDY DINO L.L.C., a domestic limited-liability company;<br><br>Plaintiffs,<br>v.<br><br>ASSUREDPARTNERS OF NEVADA, LLC, a domestic limited-liability company; SHANNON FLETCHER, an individual; CENTRAL INSURANCE COMPANY dba CENTRAL MUTUAL INSURANCE COMPANY, a foreign corporation;<br><br>Defendants. | Case No.: 2:25−cv−01785−CDS−DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |

Plaintiffs Cindy Young and Dean Young ("Plaintiffs"), through their counsel of record Christopher Beckstrom of Price & Beckstrom, and Defendant Central Insurance Company, through its counsel of record, Nathan Andrews of Christian Johnson Sluga & Mushmeche, LLC, submit this Stipulation and Order to Extend Discovery (First Request) for the Court's consideration, pursuant to LR IA 6-1 and LR 26-3.

/ / /

**I.**

**DISCOVERY COMPLETED TO DATE**

1. A Rule 26(f) Case Conference was held and a Discovery Plan Order was filed.

2. Plaintiffs served their initial disclosures on May 21, 2026.

3. Plaintiffs propounded 34 requests to produce pursuant to Fed. R. Civ. P. 34 upon Defendant on May 21, 2026.

4. Plaintiffs propounded 9 written interrogatories pursuant to Fed. R. Civ. P. 33 upon Defendant on May 21, 2026.

5. Plaintiffs disclosed a subpoena to produce documents upon the Nevada Commissioner of Insurance on May 21, 2026, and subsequently served the subpoena.

6. Defendant served its initial disclosures on June 5, 2026.

7. Defendant served a supplement to its initial disclosures on June 8, 2026.

8. Plaintiffs served a supplement to their initial disclosures on July 16, 2026, disclosing documents obtained from the Nevada Division of Insurance.

9. Plaintiffs disclosed a subpoena to produce documents upon Claggett & Sykes Law Firm on August 10, 2026.

**II.**

**DISCOVERY TO BE COMPLETED**

***Deposition of Connally Erwin.*** Since discovery's inception, Plaintiffs have requested the deposition of Connally Erwin, the principal claim-handling employee for Central Insurance Company, a crucial witness in the case. Upon making the request, Defendant informed Plaintiffs that Mr. Erwin was no longer employed by Central Insurance Company, but that Defendant would speak to him and voluntarily produce him. Plaintiffs offered to reach out to Mr. Erwin directly and subpoena him if necessary, but Defendant forbad Plaintiffs' counsel from reaching out directly to this witness.

The parties agree that the testimony of this witness should be obtained prior to the disclosure of expert witnesses as Mr. Erwin's testimony is important to inform the opinions of the experts.

It is Plaintiffs' counsel's understanding that Defendant's counsel has worked diligently to produce Mr. Erwin. Mr. Erwin's current schedule can only accommodate a weekend deposition

appearance. In an attempt to streamline the manner, counsel originally agreed on an August 22, 2026, Saturday deposition near Mr. Erwin's residence in Texas; however, that date is no longer feasible as Plaintiffs' counsel's mother passed away unexpectedly on July 19, 2026, and her funeral is currently planned for August 22nd. The parties accordingly request an additional 60 days of discovery in order to schedule this deposition

***Other Discovery.*** While the parties anticipate that the deposition testimony of Mr. Erwin will largely inform them of the scope of the rest of needed discovery, the parties can already state that the following discovery will be necessary:

- Depositions of the parties, including Rule 30(b)(6) depositions of Central Insurance Company
- Responses to written discovery Plaintiffs have previously propounded
- Depositions of medical providers
- Disclosure of expert witnesses, including those related to personal injury damages as well as insurance claim handling
- Disclosure of rebuttal experts
- Depositions of expert witnesses

**III.**

**<u>WHY DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME PROVIDED BY THE SCHEDULING ORDER</u>**

The parties agree that the deposition of Connally Erwin, the insurance claim handler for Central Insurance Company, is providing a bottleneck in this matter as his testimony will inform the rest of the discovery needed in this matter. Plaintiffs have diligently sought to depose this witness, and Defendant has diligently attempted to produce him. The principal reasons this discovery cannot be completed within the time set forth in the scheduling order are:

- Mr. Erwin is no longer employed by Central Insurance Company;
- Central Insurance Company has communicated with Mr. Erwin who indicates his current work schedule can only accommodate a weekend deposition;



Price & Beckstrom
Attorneys At Law

- The parties tentatively agreed on an August 22, 2026, Saturday deposition; however, Plaintiffs' counsel's mother passed away unexpectedly, and her funeral is currently planned for August 22nd;
- An additional 60 days of discovery will give the parties adequate time to reschedule this crucial deposition and give counsel time to grieve the loss of his family member.

***The proposed extension satisfies the good cause standard.*** Parties seeking to extend discovery deadlines must provide the reasons for the extension and must inform the Court of all previously granted extensions. LR IA 6-1. A discovery extension also requires a showing of good cause. LR 26-3. "The 'good cause' inquiry focuses mostly on the movant's diligence." *Victor v. Walmart, Inc.*, 2021 U.S. Dist. LEXIS 163908 (slip copy Apr 8, 2021), at *41 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609) (9th Cir. 1992).

The instant situation satisfies the good cause standard. The parties have not been idle and have worked diligently to obtain the deposition testimony of a key witness. The parties' goal was frustrated due to unforeseen circumstances; particularly, an unexpected family tragedy suffered by Plaintiffs' counsel. The instant extension is not requested for any improper purpose, but rather to permit appropriate discovery regarding the merits of this action.

## IV.

## PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

| | **Current Deadlines** | **Proposed Deadline** |
|---|---|---|
| Amending Pleadings and Adding Parties | July 13, 2026 | **Completed.** |
| Initial Expert Disclosures | September 13, 2026 | **November 12, 2026** |
| Rebuttal Expert Disclosures | October 13, 2026 | **December 14, 2026** |
| Close of Discovery | November 11, 2026 | **January 11, 2027** |
| Dispositive Motion Deadline | December 11, 2026 | **February 9, 2027** |



PB Price & Beckstrom Attorneys At Law

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 11, 2026.

*/s/ Christopher Beckstrom*
Christopher Beckstrom, Esq.
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorney for Plaintiffs*

Dated: August 11, 2026.

*/s/ Nathan Andrews*
Nathan Andrews, Esq.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
*Attorneys for Defendant Central Insurance Company*

IT IS SO ORDERED this 11th day of August, 2026.

[signature]

UNITED STATES MAGISTRATE JUDGE

Price & Beckstrom
Attorneys At Law