Daniel R. Price (NV Bar No. 13564)
Christopher Beckstrom (NV Bar No. 14031)
Janice J. Parker (NV Bar No. 14102)
Krysa Scully (NV Bar No. 16751)
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 941-0503
Fax: (702) 832-4026
eservice@pbnv.law
*Attorneys for Plaintiffs*

Price & Beckstrom
Attorneys At Law

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CINDY YOUNG, an individual; DEAN YOUNG, an individual; HANDY DANDY DINO L.L.C., a domestic limited-liability company;<br><br>Plaintiffs,<br>v.<br><br>ASSUREDPARTNERS OF NEVADA, LLC, a domestic limited-liability company; SHANNON FLETCHER, an individual; CENTRAL INSURANCE COMPANY dba CENTRAL MUTUAL INSURANCE COMPANY, a foreign corporation;<br><br>Defendants. | Case No.: 2:25−cv−01785−CDS−EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

Plaintiffs Cindy Young and Dean Young ("Plaintiffs"), through their counsel of record Christopher Beckstrom of Price & Beckstrom, and Defendant Central Insurance Company, through its counsel of record, Nathan Andrews and Gena Sluga of Christian Johnson Sluga & Mushmeche, LLC, submit this Stipulation and Order to Extend Discovery (Second Request) for the Court's consideration, pursuant to LR IA 6-1 and LR 26-3.

/ / /

## I.

## DISCOVERY COMPLETED TO DATE

1. A Rule 26(f) Case Conference was held and a Discovery Plan Order was filed.

2. Plaintiffs served their initial disclosures on May 21, 2026.

3. Plaintiffs propounded 34 requests to produce pursuant to Fed. R. Civ. P. 34 upon Defendant on May 21, 2026.

4. Plaintiffs propounded 9 written interrogatories pursuant to Fed. R. Civ. P. 33 upon Defendant on May 21, 2026.

5. Plaintiffs disclosed a subpoena to produce documents upon the Nevada Commissioner of Insurance on May 21, 2026, and subsequently served the subpoena.

6. Defendant served its initial disclosures on June 5, 2026.

7. Defendant served a supplement to its initial disclosures on June 8, 2026.

8. Plaintiffs served a supplement to their initial disclosures on July 16, 2026, disclosing documents obtained from the Nevada Division of Insurance.

9. Plaintiffs disclosed a subpoena to produce documents upon Claggett & Sykes Law Firm on August 10, 2026.

10. Plaintiffs successfully served their subpoena to produce documents upon Claggett & Sykes on August 31, 2026.

11. On September 18, 2026, Plaintiffs conducted a meet-and-confer conference with defense counsel pursuant to LR 26-6(c) regarding unresponded-to written discovery requests as well as the production of adjuster Connally Erwin for deposition. During the conference, Defendant detailed its efforts to produce Mr. Erwin for deposition. Mr. Erwin was employed by Defendant at the time of the events giving rise to this suit, but he no longer works for Central Insurance Company. Although he initially agreed to voluntarily appear and testify, he has lately not been responsive, necessitating a subpoena. Plaintiffs agreed to extend an additional extension to Defendant for written discovery responses if Defendants would stipulate to further extension of discovery to provide Plaintiff the opportunity to depose this crucial witness prior to the retention of expert witnesses. An agreement between the parties was reached, avoiding the need for motion practice at this time.

12. On September 24, 2026, the parties reached an agreement to submit the case to a full-day mediation before Hon. Elizabeth Gonzalez (Ret.) on October 7, 2026.

13. On September 29, 2026, Plaintiffs served a supplemental disclosure statement including documents produced by Claggett & Sykes Law Firm.

**II.**

**DISCOVERY TO BE COMPLETED**

***Deposition of Connally Erwin.*** The parties recently requested a discovery extension in order to procure the testimony of this crucial witness. *See* ECF No. 35. In justifying the need for an extension of discovery, the parties agreed that this is a crucial witness who has been difficult to reach. This witness necessitated a weekend deposition which the parties agreed to. Due to the difficulties of this witness's schedule and particular needs, the parties needed to extend the discovery schedule.

Subsequent to that extension, this witness became unresponsive and did not agree to voluntarily appear.

During the recent LR 26-6(c) conference conducted by the parties on September 18, 2026, Defendant detailed its extensive efforts to secure the deposition of its former employee, Mr. Erwin. Mr. Erwin had initially been cooperative and had tentatively agreed to a deposition date of August 22, 2026. However, he has not been responsive to recent efforts, and the parties agree that issuance of a subpoena will be necessary to secure Mr. Erwin's appearance. Although the parties were deferential to him while he was cooperative and willing to accommodate a weekend deposition in the State of Texas, Plaintiffs are now planning to issue a subpoena for his appearance on November 16, 2026—a Monday. Plaintiffs discussed this date with counsel for Defendant to coordinate as much as possible under the circumstances described herein.

Plaintiffs agreed to issue a subpoena in a timely manner for Mr. Erwin to appear and testify near his residence and pursuant to the Federal Rules of Civil Procedure, to take place on November 16, 2026. Due to this date's proximity to the expert witness disclosure deadline, the parties request an additional 60-day extension of remaining discovery deadlines.

***Other Discovery.*** While the parties anticipate that the deposition testimony of Mr. Erwin will largely inform them of the scope of the rest of needed discovery, the parties can already state that the following discovery will be necessary:

- Depositions of the parties, including Rule 30(b)(6) depositions of Central Insurance Company
- Responses to written discovery Plaintiffs have previously propounded
- Depositions of medical providers
- Disclosure of expert witnesses, including those related to personal injury damages as well as insurance claim handling
- Independent Medical Examinations pursuant to Rule 35
- Disclosure of rebuttal experts
- Depositions of expert witnesses

## III.

## WHY DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME PROVIDED BY THE SCHEDULING ORDER

The parties sought the first extension for one purpose: to take the deposition of Connally Erwin, Central Insurance Company's principal claim handler, before expert disclosures. See ECF No. 35. Neither party has been idle, but that purpose has not been achieved. Mr. Erwin's deposition remains the bottleneck in this matter. His testimony will inform the opinions of the parties' claim-handling experts and define the scope of remaining discovery, including the Rule 30(b)(6) deposition of Central Insurance Company. The principal reasons discovery cannot be completed within the current deadlines are:

- After the Court granted the first extension, Mr. Erwin stopped responding to Defendant's efforts to schedule his deposition. He had initially agreed to appear voluntarily and had tentatively agreed to an August 22, 2026 deposition date.
- Mr. Erwin no longer works for Central Insurance Company, so Defendant cannot compel his appearance. A subpoena under Fed. R. Civ. P. 45 is now required. Because Mr. Erwin resides

Price & Beckstrom
Attorneys At Law

Price & Beckstrom
Attorneys At Law

in Texas, the deposition must take place within 100 miles of where he resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A).

- The parties have set Mr. Erwin's deposition for November 16, 2026, [to allow time to prepare the subpoena, serve Mr. Erwin in Texas, and give reasonable notice]. That date falls after the current initial expert disclosure deadline of November 12, 2026. Absent an extension, the parties' experts would have to disclose their opinions without the testimony of the claim handler whose conduct is at issue.
- At the parties' September 18, 2026 LR 26-6(c) conference, Plaintiffs agreed to extend Defendant's time to respond to Plaintiffs' outstanding written discovery. That agreement was part of the parties' resolution of the issues raised at the conference, and it avoided motion practice. Responses are now due on October 9, 2026.
- An additional 60 days will allow the parties to take Mr. Erwin's deposition and give the experts a reasonable opportunity to review his testimony before initial disclosures.

***The proposed extension satisfies the good cause standard.*** A party seeking to extend a deadline must state the reasons for the extension and inform the Court of all previous extensions of that deadline. LR IA 6-1(a). This is the parties' second request. On August 11, 2026, the Court granted the parties' first stipulated request, which extended the remaining discovery deadlines by 60 days. ECF No. 35. No other extensions have been requested or granted.

A stipulation to extend a discovery deadline must be supported by good cause. LR 26-3; *see also* Fed. R. Civ. P. 16(b)(4). This stipulation is submitted more than 21 days before the earliest deadline it would extend, the November 12, 2026 initial expert disclosure deadline. A showing of excusable neglect is therefore not required. LR 26-3. The good cause inquiry focuses primarily on the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties have been diligent. Plaintiffs have sought Mr. Erwin's deposition since discovery opened. At Defendant's request, Plaintiffs refrained from contacting Mr. Erwin directly while Defendant pursued his voluntary appearance. Defendant made extensive efforts to produce him, and the parties arranged a weekend deposition in Texas to accommodate his schedule. When Mr. Erwin became unresponsive, the parties promptly conferred and agreed to secure his attendance by subpoena. The need for this extension arises from the unresponsiveness of a nonparty witness, a circumstance outside the parties' control. It does not arise from any lack of diligence by counsel. The extension is not sought for delay or any other improper purpose. It is sought to allow the parties to obtain the testimony of a central witness before expert opinions are formed and disclosed.

**IV.**

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

| | **Current Deadlines** | **Proposed Deadline** |
|---|---|---|
| Amending Pleadings and Adding Parties | July 13, 2026 | **Completed.** |
| Initial Expert Disclosures | November 12, 2026 | **January 11, 2027** |
| Rebuttal Expert Disclosures | December 14, 2026 | **February 12, 2027** |
| Close of Discovery | January 11, 2027 | **March 12, 2027** |
| Dispositive Motion Deadline | February 9, 2027 | **April 12, 2027** |

/ / /



Price & Beckstrom
Attorneys At Law

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 30, 2026.

*/s/ Christopher Beckstrom*
Christopher Beckstrom, Esq.
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorney for Plaintiffs*

Dated: September 30, 2026.

*/s/ Gena Sluga*
Gena L. Sluga , Esq.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
*Attorneys for Defendant Central Insurance Company*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

Dated: October 6, 2026